## IN THE UNITED STATES DISTRICT COURT FOR THE
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., )<br><br>Plaintiff, )<br><br>v. )<br><br>CEQUEL COMMUNICATIONS, LLC D/B/A )<br>SUDDENLINK COMMUNICATIONS, AND CSC )<br>HOLDINGS, LLC D/B/A OPTIMUM- )<br>CABLEVISION, )<br><br>Defendants. ) | C.A. No. 18-1919-RGA |

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., )<br><br>Plaintiff, )<br><br>v. )<br><br>CHARTER COMMUNICATIONS, INC., CHARTER )<br>COMMUNICATIONS HOLDINGS, LLC, )<br>SPECTRUM MANAGEMENT HOLDING )<br>COMPANY, LLC, CHARTER COMMUNICATIONS )<br>OPERATING, LLC, AND TIME WARNER CABLE, )<br>LLC, )<br><br>Defendants. ) | C.A. No. 18-2033-RGA |

## ~~PROPOSED~~ SCHEDULING ORDER

This ___9___ day of __May__ , 2019, the Court having conducted an initial Rule

16(b) scheduling conference pursuant to Local Rule 16.1(b) on April 25, 2019, and the parties in

*Sprint Communications Company L.P. v. Cequel Communications, LLC d/b/a Suddenlink*

*Communications and CSC Holdings, LLC d/b/a Optimum-Cablevision,* Case No 1:18-1919-RGA

(D. Del) ("*Sprint v. Cequel*") and *Sprint Communications Company L.P. v. Charter*

*Communications, Inc., Charter Communications Holdings, LLC, Spectrum Management Holding Company, LLC, Charter Communications Operating, LLC, and Time Warner Cable, LLC,* Case No 1:18-2033-RGA (D. Del) ("*Sprint v. Charter*"), having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.    Initial Disclosures and Discovery.

        a.    Rule 26(a)(1) Initial Disclosures. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before May 17, 2019.

        b.    Discovery Protocols. The parties shall submit a stipulated ESI Order and Protective Order on or before May 31, 2019. If the parties are unable to reach agreement on a stipulated ESI Order and/or Protective Order, the parties shall follow the procedures outlined in Paragraph 3(e) below to present these disputes to the Court.

2.    Joinder of Other Parties and Amendment of Pleadings. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before December 20, 2019.

3.    Discovery.

        a.    Discovery Cut Off. All fact discovery in this case shall be initiated so that it will be completed on or before August 21, 2020.

        b.    Document Production. Document production shall be substantially complete by March 26, 2020. Privilege logs shall be exchanged by April 23, 2020. The parties will meet and confer about the scope and content of the privilege logs and will thereafter present

any disputes to the Court in the context of the Protective Order or in accordance with the procedures in 3(f) below.

        c.      Requests for Admission. Plaintiff may serve up to twenty-five (25) requests for admission on each defendant group.[1] Each defendant group may serve up to twenty-five (25) requests for admission on Plaintiff. There shall be no limit, however, on the number of requests for admission for the purpose of authenticating documents or qualifying prior art, although the parties agree to cooperate to reduce, if not eliminate altogether, objections based on authenticity and thus the need to serve requests for admission for authentication purposes.

        d.      Interrogatories. Plaintiff is entitled to serve 10 common interrogatories and 15 individual interrogatories, including contention interrogatories, for a total of 25 interrogatories. The Defendants in all Actions are entitled to collectively serve 10 common interrogatories, including contention interrogatories. Each defendant group is entitled to serve an additional 15 individual interrogatories, including contention interrogatories.

        e.      Depositions.

            i.      Limitation on Hours for Deposition Discovery. Plaintiff may take up to 50 hours of fact depositions of each defendant group (i.e., no more than 50 hours of deposition time collectively for the defendant group in each case and its past or current officers, employees and agents) and up to 35 hours of third-party depositions. Each defendant group may take up to 45 hours of fact depositions of plaintiff, excluding named inventors on each asserted patent, each of whom may be deposed for up to 7 hours. Each defendant group may take up to 35 hours of third-party depositions.[2] Depositions of Plaintiff's witnesses, named inventors, and

---

[1] The Defendants in each Action constitute a defendant group. For example, defendants Cequel Communications, LLC d/b/a Suddenlink Communications and CSC Holdings, LLC d/b/a Optimum-Cablevision constitute a defendant group.

[2] The inventor depositions will be excluded from the 35 hour allocation of third party depositions.

non-parties taken in other litigations relating to any of the asserted patents must be produced and may be used as if taken in this case.

        ii.      Expert Deposition Discovery. The parties will confer regarding the number of deposition hours and length of depositions for experts no later than 5 days after service of rebuttal expert reports.

        iii.     Location of Depositions. The parties agree to cooperate regarding the location of depositions, such that any party or representative, and any third party, shall be deposed at a location where the witness resides or at another mutually agreeable location.

        f.      Discovery Matters and Disputes Relating to Protective Orders. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than forty-eight hours prior to the conference/argument, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than twenty-four hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one hour of e-filing the document(s).

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

        4.      Application to Court for Protective Order. The parties agree it will be necessary

to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information. Counsel will confer and attempt to reach an agreement on a proposed form of order and submit it to the Court according to the schedule outlined in Paragraph 1(b) above. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(f) above.

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5.      Papers Filed Under Seal. When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

6.      Courtesy Copies. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed under seal.

7.      Email Service. The parties have consented to service by email, in accordance with Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure. The parties agree that service on any party shall only be by email and shall be made on both local and national counsel of that party.

5

8.  Initial Discovery in Patent Litigation.[3]

a.  On or before May 22, 2019, Plaintiff shall identify the accused products, services, systems, apparatuses, processes, methods, acts, or other instrumentalities ("Accused Products") and the asserted claims of the patent-in-suit allegedly infringed by each such Accused Product, and produced the file history for the patent-in-suit.

b.  On or before June 20, 2019, Defendants shall produce or make available for inspection to the Plaintiff the core technical documents sufficient to show the structure and operation of any respective Accused Product, including but not limited to operation manuals, product literature, and specifications.

c.  On or before August 1, 2019, Plaintiff shall provide to Defendants its initial "Infringement Contentions" comprising claim charts relating each Accused Product to each asserted claim that each Accused Product allegedly infringes.

d.  No later than August 1, 2019, Plaintiff will serve a Preliminary Election of Asserted Claims, of no more than 10 claims per asserted patent.

e.  No later than 14 days after the close of fact discovery (September 4, 2020), Plaintiff shall serve a Second Election of Asserted Claims, of no more than a total of 5 claims per asserted patent from among the previously identified claims.  No later than 14 days before service of initial expert reports, each defendant group shall serve an Election of Prior Art, of no more than a total of 5 references/systems/combinations per claim.

f.  On or before October 17, 2019, Defendants shall provide to the Plaintiff their initial "Invalidity Contentions" for each asserted claim, as well as the related invalidating references (e.g., publications, manuals, and patents).

---

[3] These disclosures are "initial" and each party shall be permitted to supplement with leave of the court.

9.    Claim Construction Issue Identification. On or before November 14, 2019, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. On or before December 12, 2019, the parties shall exchange their proposed claim construction of those term(s)/phrase(s). These documents will not be filed with the Court. Subsequent to exchanging these lists, the parties will meet and confer on or before January 9, 2020 to prepare a Joint Claim Construction Chart to be filed no later than January 16, 2020. The Joint Claim Construction Chart, in Word or WordPerfect format, shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

10.   Claim Construction Briefing.

Plaintiff shall serve, but not file, its opening briefs not to exceed 20 pages for the '907 patents, and not to exceed 10 pages for the '077 patent, on February 20, 2020. Defendants shall serve, but not file, their answering briefs, not to exceed 30 pages for the '907 patents, and not to exceed 15 pages for the '077 patent, on March 19, 2020. Plaintiff shall serve, but not file, its reply briefs, not to exceed 20 pages for the '907 patents, and not to exceed 10 pages for the '077 patent, on April 9, 2020. Defendants shall serve, but not file, their sur-reply briefs, not to exceed 10 pages for the '907 patents, and not to exceed 5 pages for the '077 patent, on April 30, 2020. No later than May 7, 2020, the parties shall file a Joint Claim Construction Brief. The

parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

## JOINT CLAIM CONSTRUCTION BRIEF

I.      Agreed Upon Constructions

II.     Disputed Constructions

A.      [TERM 1]
        1.      Plaintiff's Opening Position
        2.      Defendants' Answering Position(s)
        3.      Plaintiffs Reply Position
        4.      Defendants' Sur-Reply Position(s)

B.      [TERM 2]
        1.      Plaintiffs Opening Position
        2.      Defendants' Answering Position(s)
        3.      Plaintiff's Reply Position
        4.      Defendants' Sur-Reply Position(s)

      Etc.

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

11.     Hearings on Claim Construction.

Beginning at 8:30 a.m. on May 28, 2020, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present live testimony at the argument, and the argument shall not exceed a total of three hours.

12.     Disclosure of Expert Testimony.

8

a.    Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before [Sprint: October 16, 2020] [CSC: October 16, 2020 for *Sprint v. Charter*, December 22, 2020 for *Sprint v. Cequel*]. *November 30,* ~~December 22,~~ The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before [Sprint: November 13, 2020] [CSC: November 13, 2020 for *Sprint v. Charter*, ~~February 3, 2020~~ *January 4, 2021* for *Sprint v. Cequel*]. Reply expert reports from the party with the initial burden of proof are due on or before [Sprint: December 4, 2020] [CSC: December 4, 2020 for *Sprint v. Charter*, ~~March 3, 2020~~ *Feb.8, 2021* for *Sprint v. Cequel*]. No other expert reports will be permitted without either the consent of all parties or leave of the Court, which leave shall not be given absent extraordinary circumstances. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before [Sprint: ~~January 22, 2021~~ [CSC: January 22, 2021 for *Sprint v. Charter*, March ~~22~~ *8*, 2021 for *Sprint v. Cequel*].

b.    Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

13.    Case Dispositive Motions. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before [Sprint: ~~February 26, 2021~~ [CSC: February 26, 2021 for *Sprint v. Charter*, ~~May~~ *April* 5, 2021 for *Sprint v. Cequel*]. No case dispositive motion under Rule 56 may be filed more than ten days before the

9

above date without leave of the Court.

14.     Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15.     Pretrial Conference. Beginning on May 7, 2021 at 9:00 a,m. for *Sprint v. Charter*, and September 3, 2021 at 9:00 a.m. for *Sprint v. Cequel*, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel.  The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5:00 p.m. on the third business day before the date of the final pretrial conference.  Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

16.     Motions *in Limine.* Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court.  The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request.  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

17.     Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5:00 p.m. on the third business day before the date of the final pretrial

conference.   The parties shall submit simultaneously with filing each of the foregoing four documents in Word or WordPerfect format to rga_civil@ded.uscourts.gov.

18.     Trial. These matters are scheduled for 5 day jury trials beginning at 9:30 a.m. on May 17, 2021 for *Sprint v. Charter*, and September 13, 2021 for *Sprint v. Cequel*.

Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m.   The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

19.     ADR Process. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

UNITED STATES DISTRICT JUDGE