# EXHIBIT 2

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Delaware

| | |
|---|---|
| Sprint Communications Company L.P. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.    18-2033-RGA |
| Charter Communications, Inc., et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:       National Center for Supercomputing Applications at the University of Illinois at Urbana-Champaign
1205 W. Clark St., MC-257, Room 1008, Urbana, IL 61801

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attachment A.

| Place:     1300 I St NW Suite 900, Washington, DC 20005 | Date and Time:                 09/13/2019 9:00 am |
|---|---|

The deposition will be recorded by this method:    Video tape and stenographic means

❒ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

| *CLERK OF COURT* | | |
|---|---|---|
| | | /s/ Patrick Stafford |
| *Signature of Clerk or Deputy Clerk* | OR | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Charter Communications, Inc., et al. , who issues or requests this subpoena, are:

Patrick Stafford, 1300 I St NW Suite 900, Washington, DC 20005, patrickstafford@quinnemanuel.com, 202.538.8188

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  18-2033-RGA

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

## DEFINITIONS

1.     The instructions and requests below are subject to and incorporate the following definitions and instructions, regardless of whether upper or lower case letters are used:

2.     "NCSA," "you," or "your" means National Center for Supercomputing Applications at the University of Illinois at Urbana-Champaign, including its officers, directors, members, principals, employees, agents, representatives, affiliates, or others acting on its behalf, and all predecessors and successors in interest to such entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by NCSA.

3.     "Plaintiff" or "Sprint" means Sprint Communications Company L.P. and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other Persons acting on behalf of any of the foregoing, and Plaintiff's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by Plaintiff, and all predecessors and successors in interest to such entities.

4.     "Defendants" or "Charter" means Charter Communications, Inc., Charter Communications Holdings, LLC, Spectrum Management Holding Company, LLC, Charter Communications Operating, LLC, and Time Warner Cable, LLC, their officers, directors, members, principals, employees, agents, representatives, affiliates, or others acting on their behalf.

5.     "Action" means the above-captioned case entitled *Sprint Communications Company L.P. v. Charter Communications, Inc., Charter Communications Holdings, LLC, Spectrum Management Holding Company, LLC, Charter Communications Operating, LLC, and*

*Time Warner Cable, LLC*, C.A. No. 18-2033-RGA, currently pending in the United States District Court for the District of Delaware.

6. "Patents-in-suit" means U.S. Patent Nos. 6,754,907, 6,757,907, and 7,559,077, and any related patents or applications.

7. "The '4,907 patent" means U.S. Patent Nos. 6,754,907.

8. "The '7,907 patent" means U.S. Patent Nos. 6,757,907.

9. "The '077 patent" means U.S. Patent Nos. 7,559,077.

10. "The '907 patents" means the '4,907 and '7,907 patents, collectively.

11. "Named Inventors" refers to the persons named as inventors on the face of the Patents-in-Suit.

12. "Relevant Functionalities" refers to functionalities and capabilities for and associated with (1) providing video-on-demand content, (2) displaying video-on-demand content on one of at least two separate screens or devices, and (3) controlling the selection and/or display of video-on-demand content.

13. "The RIVERS Project" means the RIVERS Project collaboration between the National Center for Supercomputing Applications (NCSA) at the University of Illinois at Urbana-Champaign, Sun Microsystems, and AT&T's SKYNET® Video Teleconferencing Service to perform an experiment in televisualization for scientific computing that culminated in a live demonstration at the annual ACM/SIGGRAPH conference held during August 1989 in Boston, including without limitation any test platforms, software or hardware embodiments, or other working versions of software or hardware related to or described in "Eliminating Distance In Scientific Computing: An Experiment In Televisualization," *The International Journal of Supercomputer Applications*, Vol. 4, No. 4, Winter 1990, pp. 71-88.

14.    "Document" shall be construed under the broadest possible construction under Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001.  The term includes any written, recorded, graphic, or other matter, whether sent or received or made or used internally, however produced or reproduced and whatever the medium on which it was produced or reproduced (whether on paper, cards, charts, file, or printouts; tapes, discs, belts, video tapes, audiotapes, tape recordings, cassettes, or other types of voice recording or transcription; computer tapes, databases, e-mails; pictures, photographs, slides, films, microfilms, motion pictures; or any other medium), and any other tangible item or thing of readable, recorded, or visual material of whatever nature including originals, drafts, and all non-identical copies of each document (which, by reason of any variation, such as the presence of absence of hand-written notes or underlining, represents a distinct version).  By way of example, the term "document" as used herein shall include: correspondence; blueprints; memoranda; notes; diaries; letters; telegraphs; telegrams; telexes; emails; metadata; minutes; agendas; contracts; reports; studies; checks; statements; receipts; returns; summaries; pamphlets; circulars; press releases; advertisements; books; inter-office and intra-office communications; handwritten or typewritten notes; notations or summaries of telephone conversations, meetings, or conferences; bulletins; computer printouts; databases; teletypes; telefax; invoices; worksheets; photographs; tape recordings; patents and patent application materials; patent appraisals; printed publications; trademark applications, certificates of registration, opinions of counsel; memoranda of agreements, assignments, licenses; reports of or summaries of either negotiations within or without the corporation or preparations for such; and all other tangible items of readable, recorded, or visual material of any kind.

15.    "Source code" means source code, hardware code, machine code, assembly code, or code written in any programming language, and code that can be compiled or acted upon by a processor, any listings or printouts thereof, and any release notes describing the features or modifications of such code.

16.    "Executable software" means computer files containing encoded instructions capable of being executed by a processing unit (e.g., a central processing unit or microcontroller), and any release notes describing the features or modifications of such files. The term shall include, without limitation, firmware and executable binary files.

17.    "Communication" means any transmittal, conveyance or exchange of a word, statement, fact, thing, idea, document, instruction, information, demand, question or other information by any medium, whether by written, oral or other means, including electronic communications and electronic mail.

18.    "Person" means any natural person or any business, proprietorship, firm, partnership, corporation, association, organization, or other legal entity.  The acts of a person shall include the acts of directors, officers, owners, members, employees, agents, attorneys or other representatives acting on the person's behalf.

19.    "Thing" means any tangible objects of any kind and nature other than a Document, Including prototypes, models, and physical specimens thereof.

20.    "Refer to," "referring to," "relate to," "related to," "relating to," "regarding," or "concerning" means in whole or in part constituting, containing, contradicting, embodying, commenting on, depicting, demonstrating, refuting, evidencing, representing, discussing, reflecting, describing, analyzing, identifying, mentioning, stating, summarizing, bearing upon,

pertaining to, comprising, involving, alluding to, commenting on, referring directly or indirectly to, dealing with, or in any way pertaining to.

21.     The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

22.     The terms "any," "all," "every," and "each" each means and includes the other.

23.     The singular form of any word shall be deemed to include the plural.  The plural form of any word shall be deemed to include the singular.

24.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

25.     "Include" and "including" mean including without limitation.

26.     The provision of definitions set forth herein shall not be construed to be an admission that identical or similar terms in the claims of the patent-in-suit should receive such construction and shall have no binding effect on Google in this or any other proceeding.

## **INSTRUCTIONS**

1.     Produce all responsive documents, electronically stored information, and tangible things in your possession, custody, or control, wherever located, in the manner in which they are maintained.

2.     State, for each request, whether or not there exist any documents within the scope of the request and whether any such documents are in your possession, custody, or control.

3.     If any document is withheld from production on the basis of privilege, immunity, or any similar claim, please specify: (i) the date of the document; (ii) the subject matter of the document; (iii) the type of document (memorandum, pamphlet, report, etc.); (iv) such other information as is sufficient to identify the document, Including, where appropriate, the author,

addressee, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, and any other recipient to each other; and (v) an explanation of the basis for withholding the document.

4. If you object to the scope or breadth of any request, respond within the scope or breadth of production you contend is proper and define the scope or breadth in which you have responded.

## REQUESTS FOR PRODUCTION

1.      Documents, source code, executable software, and things (including hardware, instructions, technical plans, diagrams, workbooks, manuals, published articles, publications, and user guides) sufficient to show the development, release, chronology, structure, operation, and functionality, including the Relevant Functionalities, of the RIVERS Project before February 9, 2000, including any commercial or public embodiments that were released, sold, offered for sale, or used before February 9, 2000.

2.      Documents sufficient to show publication, sale, offer for sale, or public use of the RIVERS Project, including the Relevant Functionalities, prior to February 9, 2000, including any commercial or public embodiments that were released, sold, offered for sale, or used before February 9, 2000.

3.      Documents, source code, executable software, and things (including hardware, instructions, technical plans, diagrams, workbooks, manuals, published articles, publications, and user guides) sufficient to show the development, release, chronology, structure, operation, and functionality of any NCSA product, service, or feature capable of the Relevant Functionalities, before February 9, 2000, including any commercial or public embodiments that were released, sold, offered for sale, or used before February 9, 2000.

4.      Documents sufficient to show publication, sale, offer for sale, or public use of any NCSA product, service, or feature capable of the Relevant Functionalities before February 9, 2000, including any commercial embodiments that were released, sold, offered for sale, or used before February 9, 2000.

5.      Documents sufficient to show the creation, maintenance, accessibility, authenticity, and public availability of all documents, source code, executable software, or things

produced in connection with this subpoena, including your policies and procedures for maintaining all documents, source code, executables, or things produced in connection with this subpoena in the regular course of business.

6.	All communications between you and Sprint or any named inventors concerning the patent-in-suit, this action, or Charter.

## DEPOSITION TOPICS

1.      The versions of the RIVERS Project, including the Relevant Functionalities, that were released, sold, offered for sale, or used before February 9, 2000, including any commercial or public embodiments that were released, sold, offered for sale, or used before February 9, 2000.

2.      The development, release, chronology, structure, and operation of any features of the RIVERS Project, including the Relevant Functionalities, that were released, sold, offered for sale, or used before February 9, 2000, including any commercial or public embodiments that were released, sold, offered for sale, or used before February 9, 2000.

3.      The functionality of any NCSA product, service, or feature capable of the Relevant Functionalities that were released, sold, offered for sale, or used before February 9, 2000, including any commercial or public embodiments that were released, sold, offered for sale, or used before February 9, 2000.

4.      The development, release, chronology, structure, and operation of any features of any NCSA product, service, or feature capable of the Relevant Functionalities that were released, sold, offered for sale, or used before February 9, 2000, including any commercial or public embodiments that were released, sold, offered for sale, or used before February 9, 2000.

5.      The creation, maintenance, accessibility, authenticity, and public availability of all documents, source code, executable software, or things produced in connection with this subpoena, including your policies and procedures for maintaining all documents, source code, executable software, or things produced in connection with this subpoena in the regular course of business.

6.      All communications between you and Sprint or any named inventors concerning the patent-in-suit, this action, or Charter.