13:12:40

```
                 IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF DELAWARE


     SPRINT COMMUNICATIONS COMPANY L.P.,)
                                        )
              Plaintiff,                )
                                        ) C.A. No. 18-2033-RGA
     v.                                 )
                                        )
     CHARTER COMMUNICATIONS, INC.,      )
     et al.,                            )
                                        )
              Defendants.               )


                         Wednesday, February 19, 2020
                         3:30 p.m.
                         Conference


                         844 King Street
                         Wilmington, Delaware



     BEFORE:   THE HONORABLE RICHARD G. ANDREWS
               United States District Court Judge




     APPEARANCES:


                    POLSINELLI PC
                    BY:   CHRISTINA BELITZ VAVALA, ESQ.
                    BY:   STEPHEN KRAFTSCHIK, ESQ.

                    -and-

                    SHOOK, HARDY & BACON
                    BY:   RYAN J. SCHLETZBAUM, ESQ.

                         Counsel for the Plaintiff
```

```
 1   APPEARANCES CONTINUED:

 2

 3
         RICHARDS LAYTON & FINGER, PA
 4       BY:  KELLY E. FARNAN, ESQ.

 5          -and-

 6       COOLEY LLP
         BY:  DAVID EISEMAN, ESQ.
 7
                  Counsel for the Defendants
 8

 9

10               - oOo -

11           P R O C E E D I N G S

12      (REPORTER'S NOTE:  The following conference was held

13   in chambers, beginning at 3:30 p.m.)

14

15

16

17           THE COURT:  Good afternoon.  Please be seated.

18           So this is a discovery matter in Sprint versus

19   Charter, Civil Action Number 18-2033.  So for plaintiff,

20   Mr. Kraftschik, Ms. Vavala, and so Mr. Kraftschik, are you

21   now in the same firm as Ms. Vavala?

22           MR. KRAFTSCHIK:  I am.  As of three days ago, I

23   am at Polsinelli.

24           THE COURT:  Off the record.

25           (Discussion off the record.)
```

15:33:02  1                THE COURT:  Who do you have with you here?
15:33:08  2                MS. VAVALA:  Mr. Ryan Schletzbaum from Shook,
15:33:12  3    Hardy & Bacon.
15:33:12  4                THE COURT:  I have seen Mr. Schletzbaum a few
15:33:14  5    times before.
15:33:14  6                And Ms. Farnan, you're still with Richards?
15:33:17  7                MS. FARNAN:  Yes, Your Honor, as far as I know.
15:33:20  8                THE COURT:  I don't know anything.
15:33:21  9                All right.  Who do you have with you here?
15:33:23 10                MS. FARNAN:  David Eiseman from Quinn Emanuel.
15:33:26 11                MR. EISEMAN:  Good afternoon, Your Honor.
15:33:27 12                THE COURT:  All right.  So I read these letters
15:33:29 13    and I think I know what I want to do which is it seems to me
15:33:33 14    that the parties negotiated ten custodians and it turned out
15:33:45 15    that Sprint only has five.  And you know, I think that's
15:33:52 16    maybe something that should have been disclosed while you
15:33:55 17    were negotiating.  So what I propose is Charter only needs
15:33:59 18    to do five.  Have you already named ten or what have you
15:34:02 19    done so far?
15:34:03 20                MR. EISEMAN:  We have named ten, Your Honor.
15:34:05 21                THE COURT:  So you get to pick which five, so
15:34:07 22    you can pick whichever ones seem like the most fruitful.
15:34:12 23                MR. SCHLETZBAUM:  Of the current list, or any
15:34:14 24    five we choose?
15:34:15 25                THE COURT:  I assume the current list because

```
15:34:18   1    isn't the current list -- I mean, you know who is on the
15:34:20   2    current list and why -- yeah, yeah, now that I'm thinking
15:34:23   3    about it, yeah, from the current list.
15:34:25   4              MR. SCHLETZBAUM:  The reason I asked, you may
15:34:27   5    have saw this in our proposal, the compromise to avoid the
15:34:31   6    hearing altogether was to agree to the five limit if you
15:34:34   7    would include among those five a custodian who had
15:34:37   8    information relative to willfulness.
15:34:39   9              THE COURT:  Yes, when you said that, I was
15:34:42  10    thinking there is something up here and you're talking about
15:34:44  11    the in-house counsel that people have been arguing over and
15:34:47  12    over again.
15:34:47  13              MR. SCHLETZBAUM:  Not just in-house counsel,
15:34:49  14    that was two examples that we identified as someone that we
15:34:52  15    knew or suspected knowledge of willfulness.  But anybody
15:34:55  16    else -- we would certainly prefer to have Mr. Abramov.  If
15:34:59  17    there is another witness that they can include that has
15:35:04  18    evidence of willfulness, we would be happy with that, and we
15:35:06  19    would need a technical witness and on their list there is
15:35:08  20    ten technical witnesses as we understand it.
15:35:10  21              THE COURT:  Right.  And just remind me in terms
15:35:13  22    of a willfulness witness so to speak, you just don't have
15:35:16  23    one or what?
15:35:17  24              MR. EISEMAN:  We don't, Your Honor.  You know,
15:35:19  25    we're not going to resist willfulness discovery.  They can
```

| | |
|---|---|
| 15:35:22 1 | get it through document request and interrogatories, but in |
| 15:35:26 2 | terms of there were no subject matter requirements for who |
| 15:35:29 3 | or what type of custodian should be picked, so we picked the |
| 15:35:32 4 | five or now ten, ten and now five that we thought had the |
| 15:35:35 5 | most discoverable information.  None of them are willfulness |
| 15:35:42 6 | witnesses, but we're not going to deny them the opportunity |
| 15:35:45 7 | to take depositions on the issue. |
| 15:35:47 8 | THE COURT:  Is there somebody in particular |
| 15:35:51 9 | other than Abramov who is somebody you think who is out |
| 15:35:52 10 | there who has this information? |
| 15:35:55 11 | MR. SCHLETZBAUM:  We know Mr. Abramov had some |
| 15:35:57 12 | unique deals with Sprint in both these patents and the |
| 15:35:59 13 | patents in the related cases and I appreciate the |
| 15:36:02 14 | representation that they're not going to deny us that |
| 15:36:04 15 | discovery in document request through related cases.  We're |
| 15:36:07 16 | still trying to get that information through whatever |
| 15:36:11 17 | procedure and mechanism we can.  And I don't want to argue |
| 15:36:14 18 | that here today. |
| 15:36:14 19 | THE COURT:  Good idea. |
| 15:36:15 20 | MR. SCHLETZBAUM:  I don't have somebody in mind |
| 15:36:17 21 | other than Mr. Abramov.  I'm not privy to their |
| 15:36:19 22 | inner-workings or who would be aware of Sprint's |
| 15:36:24 23 | inner-workings. |
| 15:36:25 24 | THE COURT:  So lets do this, they named ten |
| 15:36:27 25 | technical people, pick five, they can do the five. |

```
15:36:29  1    Somewhere down the line if you develop somebody other than
15:36:37  2    Abramov as somebody who is, you know, still there and
15:36:43  3    particularly good on willfulness, and it kind of strikes me
15:36:47  4    that you probably won't just because it seems if I'm not
15:36:53  5    confusing it with something else, part of the reason is
15:36:56  6    because there have been prior discussions, right, this whole
15:37:03  7    point of Abramov was he was involved in negotiating things
15:37:07  8    back in the day.
15:37:08  9               MR. SCHLETZBAUM:  Yes, he had interactions with
15:37:10 10    Sprint's in-house counsel pre-suit about the patents and
15:37:13 11    also was aware of Sprint's enforcement efforts in other
15:37:16 12    cases.
15:37:16 13               THE COURT:  Right.  And I think maybe I saw this
15:37:20 14    in here, you know who you dealt with, if there was somebody
15:37:24 15    else besides Abramov, maybe there wasn't, so presumably if
15:37:28 16    you actually had -- maybe you only dealt with him which is
15:37:33 17    why you don't have another name to suggest.  But when you
15:37:36 18    get your hands on the paper discovery, you know, if it -- if
15:37:45 19    something has come up that makes it appear somehow you have
15:37:49 20    been hoodwinked here, which I doubt that it will, see if you
15:37:54 21    can't figure out some remedy between yourself and if not,
15:37:58 22    come back, remind me that I said this.  Okay?
15:38:00 23               MR. SCHLETZBAUM:  Very good.
15:38:01 24               THE COURT:  Because otherwise I will forget.
15:38:03 25    All right.  So you have the ten names.  Can you pick your
```

```
15:38:08  1    five custodians and how long will it take you to do that?
15:38:12  2              MR. SCHLETZBAUM:  A couple days I would imagine.
15:38:14  3              THE COURT:  Why don't you do it by the end of
15:38:16  4    next week.  Alright?
15:38:17  5              MR. EISEMAN:  Thank you, Your Honor.
15:38:18  6              THE COURT:  Sorry to make you come here.  I
15:38:21  7    don't know why I read this over the weekend and, you know,
15:38:26  8    didn't crystalize in my mind until very recently what I
15:38:30  9    thought I should be doing here.
          10             (Conference concluded at 3:38 p.m.)
          11
          12             I hereby certify the foregoing is a true and
                accurate transcript from my stenographic notes in the proceeding.
          13
          14                              /s/ Dale C. Hawkins
                                         Official Court Reporter
          15                               U.S. District Court
```