IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., <br><br> Plaintiff, <br><br> v. <br><br> CHARTER COMMUNICATIONS, INC., CHARTER COMMUNICATIONS HOLDINGS, LLC, SPECTRUM MANAGEMENT HOLDING COMPANY, LLC, CHARTER COMMUNICATIONS OPERATING, LLC, TIME WARNER CABLE, LLC, <br><br> Defendants. | C.A. No. 18-2033-RGA <br><br> **JURY TRIAL DEMANDED** <br><br> ███████████ <br><br> **PUBLIC VERSION** |

**DEFENDANTS' OBJECTIONS TO CHIEF MAGISTRATE JUDGE THYNGE'S
<u>OCTOBER 19, 2021 REPORT AND RECOMMENDATION (D.I. 215)</u>**

OF COUNSEL:

Charles Verhoeven
David Eiseman
Quinn Emanuel Urquhart & Sullivan
50 California Street, 22nd Floor
San Francisco, CA 94111-4788
(415) 875-6600
charlesverhoeven@quinnemanuel.com
davideiseman@quinnemanuel.com

Deepa Acharya
Patrick Stafford
Quinn Emanuel Urquhart & Sullivan
1300 I Street NW, Suite 900
Washington, D.C. 20005
(202) 538-8000
deepaacharya@quinnemanuel.com
patrickstafford@quinnemanuel.com

Dated: November 2, 2021

Kelly E. Farnan (#4395)
Richards, Layton & Finger P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com

*Attorneys for Defendants Charter Communications, Inc., Charter Communications Holdings, LLC, Spectrum Management Holding Company, LLC, Charter Communications Operating, LLC, and Time Warner Cable, LLC*

## **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ..................................................................................................................1

II.  STANDARD OF REVIEW ..................................................................................................2

III. ARGUMENT.........................................................................................................................3

    A.    There Is No Genuine Dispute Of Material Fact That The Accused Charter Services Use And Involve A STB For Remote Control, And Therefore These Services Do Not Infringe..............................................................................3

    B.    Any Perceived Inconsistencies Between Charter's Verified Interrogatory Responses And Statement Of Facts Do Not Create A Genuine Dispute Of Material Fact .................................................................................................7

        1.    Charter's Description Of The ▮▮▮▮▮ Does Not Create A Genuine Dispute Of Material Fact...............................................7

        2.    Charter's Description Of The ▮▮▮▮ And Associated Messages Does Not Create A Genuine Dispute Of Material Fact...............9

IV.  CONCLUSION...................................................................................................................10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ............................................................................................................. 3

*Masimo Corp. v. Philips Elec. N Am. Corp.*,
    62 F. Supp. 3d 368 (D. Del. 2014) ....................................................................................... 2

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986) ............................................................................................................. 2

*MorphoSys AG v. Janssen Biotech, Inc.*,
    358 F. Supp. 3d 354 (D. Del. 2019) ..................................................................................... 3

*Rheox, Inc. v. Entact, Inc.*,
    276 F.3d 1319 (Fed. Cir. 2002) ............................................................................................ 7

*SafeTCare Mfg., Inc. v. Tele-Made, Inc.*,
    497 F.3d 1262 (Fed. Cir. 2007) ............................................................................................ 6

*Vita-Mix Corp. v. Basic Holding, Inc.*,
    581 F.3d 1317 (Fed. Cir. 2009) ............................................................................................ 9

## TABLE OF ABBREVIATIONS

| Abbreviation | Meaning |
|---|---|
| '4,907 Patent | U.S. Patent No. 6,754,907 |
| '7,907 Patent | U.S. Patent No. 6,757,907 |
| '907 Patents | Collectively, U.S. Patent Nos. 6,754,907 and 6,757,907 |
| Comcast | Comcast Cable Communications, LLC, and associated entities |
| *Comcast* case | *Comcast Cable Commc'ns, LLC v. Sprint Commc'ns Co.*, 2:12-cv-00859 (E.D. Pa.) |
| Charter | Charter Communications, Inc., Charter Communications Holdings, LLC, Spectrum Management Holding Company, LLC, Charter Communications Operating, LLC, and Time Warner Cable, LLC |
| Charter Accused Services | Spectrum TV, Charter TV, TWC TV, and BHN TV, in use with the Spectrum TV App, the Charter TV App, the TWC TV App, or the BHN TV App |
| Asserted Claims | Claims 1, 5, 6, 7, 10, and 16 of U.S. Patent No. 6,754,907 and Claims 1, 16, 18, 21, 22, 23, 25, 34, 36, and 38 of U.S. Patent No. 6,757,907 |
| Memorandum Opinion | The Court's Memorandum Opinion on Claim Construction (D.I. 164) |
| Claim Construction Order | The Court's Claim Construction Order (D.I. 168) |

I.      **INTRODUCTION**

Charter respectfully objects to Judge Thynge's Report and Recommendation (D.I. 215, the "R&R") recommending the denial of Charter's motion for summary judgment of non-infringement of all Asserted Claims of the '907 Patents. During claim construction, this Court already determined that the Asserted Claims were subject to a disclaimer excluding the use of a set-top box (STB) for remote control of a video-on-demand (VOD) system based on collateral estoppel as a result of the earlier *Comcast* case. D.I. 164 4-12. Relying on this Court's finding of disclaimer and the *Comcast* court's grant of summary judgment of non-infringement based on that disclaimer, Charter filed its motion for summary judgment at issue here. Just like in the *Comcast* case, the issue of non-infringement can and should be determined on summary judgment because the parties do not dispute the operation of the Accused Services. Here, just as in *Comcast*, the parties agree that the STB in Charter's VOD system must send a message to the VOD system in order for the VOD system to playback a customer selected video asset. There is no dispute that without this message from the STB to the VOD system, the VOD system will not play the customer selected video asset. Accordingly, Charter does not infringe the Asserted Claims, which all disclaim the use of a STB to remotely control the VOD system. The R&R's findings should be set aside, and summary judgment of non-infringement should be granted.

*First*, the R&R incorrectly ignored the undisputed evidence in Charter's verified interrogatory responses which *confirms* that the STB is involved in the remote control of the VOD system. Charter's responses confirm that a customer uses the *STB's remote control* to send the STB a direct command to play selected video content, and in response, the STB sends a ▇ ▇ message to the ▇▇▇▇▇▇▇. Ex. 3[1] at 28-32, 35-39. It is also

---

[1]  All exhibits cited in these Objections refer to the exhibits in Charter's Appendix (D.I. 189).

1

undisputed that the ▮▮▮ sends a ▮▮▮▮▮ message only after it receives the ▮▮▮▮ message from the STB. *Id*. Because Sprint agrees that the ▮▮▮▮▮ message that the ▮▮▮ sends to the VOD server constitutes remote control of the VOD system (D.I. 197 ("Opp.") at 1, 11), it is undisputed that the STB is involved in remote control of the VOD system. Therefore, no reasonable jury could find that the Accused Services infringe.

*Second*, the R&R incorrectly found that Charter failed to meet its burden under Rule 56 because of perceived inconsistencies in the facts contained in Charter's verified interrogatory responses and Charter's Statement of Facts in its opening brief. While no such inconsistencies exist, the statements that the R&R relied on in finding that Charter failed to meet its burden are irrelevant and immaterial to whether the STB is involved in the remote control of the VOD system. The Court only need look at the ▮▮▮▮▮ message sent from the STB to the ▮▮▮. Ex. 3 at 28-32, 35-39. The R&R found that the significance of this ▮▮▮▮▮ message is disputed. R&R at 22. But that is incorrect. The significance of this message—specifically, that it is generated by and transmitted from the STB to perform remote control—is established by the undisputed facts. Ex. 3 at 28-32, 35-39. And there is no evidence from Sprint or anywhere in the record to dispute these facts. Accordingly, Charter's Accused Services do not infringe as a matter of law.

II.     **STANDARD OF REVIEW**

The Court reviews R&Rs on motions for summary judgment *de novo*. *Masimo Corp. v. Philips Elec. N Am. Corp.*, 62 F. Supp. 3d 368, 379 (D. Del. 2014) (citing Fed. R. Civ. P. 72(b)(3)). Where the party moving for summary judgment has carried its burden of demonstrating the absence of a genuine dispute of material fact, the nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotations and citations omitted). Although a court should draw all reasonable inferences in favor of the nonmoving party, the nonmovant must

2

do more than simply show that there is some metaphysical doubt as to the material facts to defeat summary judgment. *MorphoSys AG v. Janssen Biotech, Inc.*, 358 F. Supp. 3d 354, 359 (D. Del. 2019) (internal quotations and citations omitted). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment"; a factual dispute is genuine only where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id*. (internal citations omitted).

## III. ARGUMENT

### A. There Is No Genuine Dispute Of Material Fact That The Accused Charter Services Use And Involve A STB For Remote Control, And Therefore These Services Do Not Infringe.

The undisputed evidence in Charter's verified interrogatory responses confirms that Charter's Accused Services use the STB for remote control and thus do not infringe the Asserted Claims.[2] Those interrogatory responses include flow diagrams that both parties relied on in their respective briefs, which sets forth the signals and messages that are sent between the various components of Charter's Accused Services[3]. These flow diagrams are undisputed.

As shown below, the excerpted flow diagram illustrates that after the customer requests playback of a selected asset, the "Send to TV" app *first* sends an ▓▓▓▓▓▓▓▓▓▓ to Charter's

---

[2] In its June 16, 2020 Claim Construction Order, the Court applied collateral estoppel and held that the terms "video-on-demand system," "operating a video-on-demand system," and "video/viewer control signal" (present in all of the Asserted Claims) must be performed without a STB for remote control of the video-on-demand system. D.I. 168 at 13-14.

[3] While the below flow diagram is for the Legacy Charter Market Customers Utilizing Spectrum Guide STBs (Ex. 3 at 29), the parties agree that the relevant messages and signals are representative of the Accused Services. *See* Opp. at 5-8 (relying on the same representative signal flow for both Accused Services).

███████ ,[4] containing the ██████████████████████████████

██████████████████████████ associated with the customer's STB.

Ex. 3 at 29-31. *Second*, this message is forwarded to the STB. *Id*. (below annotated red).

*Third*, once the STB receives this message, a chain of messages is sent through the VOD system through which a session is started and a message confirming a ████████ is sent to the STB from the ████████████. *Id*. (below annotated red).



*Fourth*, once the STB receives this message, the  ████ [5] communicates with the

---

[4]   Charter's briefing included the same flow diagram in the verified interrogatory responses and the original briefing described the flow of this message in relation to the STB. D.I. 190 at 8-10. While Charter's briefing did not include the term ████, this component is identified in the verified interrogatory responses and shown as merely forwarding the message to the STB.

[5]   While Charter's opening brief did not explicitly include the term ████, this component is identified in the verified interrogatory responses and shown as merely receiving the ████ message generated by and sent from the STB as a start session message.

4

▮▮▮▮▮ to retrieve information the requested asset. *Id*. (below annotated red).



*Fifth*, the ▮▮▮▮▮ to the television connected to the STB, and the STB *sends a requests to the customer to confirm playback of the asset using the STB's remote control device*. *Id*. (below annotated red). *Sixth*, in response to the customer confirmation, the *remote control device sends a message to the STB*, which then sends a ▮▮▮ message confirming the remote control command to the ▮▮ to initiate retrieval of the requested asset by the Spectrum Guide system. *Id*. (below annotated red).



*Seventh*, only after receiving the ▮▮▮ message from the STB will the ▮▮ send a ▮▮ message requesting that the ▮▮▮▮▮. *Id*. (below annotated red). None of these facts are disputed. Opp. at 5-8; R&R at 5-6.

5



It is also undisputed that the "Start Session" message constitutes remote control of the VOD system under the Court's construction of the Asserted Claims of the '907 Patents. Ex. 3 at 29-31; Opp. 1, 11. The only dispute between the parties is whether, as Charter contends, the ▇▇▇ message and the prior messages sent from the STB that cause the ▇▇ to send the ▇▇▇ message constitute remote control of the VOD system under the Court's construction of the Asserted Claims. As shown in this flow diagram, there is no scenario in which the selected VOD content in the Charter Accused Services is transmitted to a customer's television without the STB first sending a series of messages to the VOD system to direct and initiate the transfer of VOD content to the television and, separately, requiring the customer to confirm the selected VOD content by using his or her STB remote control. *Id*. These messages are "remote control" under the Court's construction, because they are "upstream messaging prior to the VOD system sending video to the television." D.I. 164 at 9. Because the STB must send messages to the VOD system for the VOD system to send video content for display on the customer's television, the Charter Accused Services undisputedly use the STB for remote control.

In light of the undisputed operation of the Charter Accused Services, the Court's claim construction—finding that the applicants for the '907 Patents disclaimed use of the STB for remote control of the VOD system—requires entry of summary judgment of non-infringement of all Asserted Claims. *See SafeTCare Mfg., Inc. v. Tele-Made, Inc.*, 497 F.3d 1262, 1270–71 (Fed. Cir.

6

2007) (affirming summary judgment of non-infringement as the claims disclaimed using a pulling force and the accused product used a pulling force); *Rheox, Inc. v. Entact, Inc.*, 276 F.3d 1319, 1327 (Fed. Cir. 2002) (affirming summary judgment of non-infringement as claims disclaimed use of monocalcium orthophosphate and the accused product contained monocalcium orthophosphate). The R&R's contrary conclusion is legal error and must be overruled.

### B. Any Perceived Inconsistencies Between Charter's Verified Interrogatory Responses And Statement Of Facts Do Not Create A Genuine Dispute Of Material Fact

The R&R erred in finding inconsistencies between Charter's undisputed verified interrogatory responses and the Statement of Facts in Charter's opening brief. R&R at 14-23. There are no meaningful inconsistencies between these facts. However, even if any inconsistencies exist, the R&R erred in finding that it could not determine whether a genuine dispute of material fact existed as to whether or not Charter's Accused Services infringe the Asserted Claims.

#### 1. Charter's Description Of The ▮▮▮▮▮▮▮▮▮▮ Does Not Create A Genuine Dispute Of Material Fact

The R&R erred in finding that the description of the ▮▮▮▮▮▮▮▮▮▮ in Charter's Statement of Facts in its opening brief could create a genuine dispute of material fact. Charter's description of this message in its opening brief does not contradict its verified interrogatory responses and, even if it did, this message is not material to a finding of non-infringement.

The R&R incorrectly concluded that the facts regarding the ▮▮▮▮▮▮▮▮▮▮ are material, because the R&R found in connection with this message that the parties "disagree as to when the video content selected by the customer is identified to the video-on-demand system." R&R at 11. However, the Court's construction of "remote control" does not limit remote control to messages that identify the video content to the STB or even when this content is transmitted to the STB. Instead, the Court's construction defines "remote control" as any "upstream messaging

7

prior to the VOD system" playing the video content on the television. D.I. 164 at 9. In the Accused Services, the selected video content is not played on the television until *after* the ▓▓▓▓ message is generated and transmitted by the STB. Ex. 3 at 28-32, 35-39 ▓▓▓▓. Therefore, the "identification" of the video content provided by the ▓▓▓▓ is not material, because it is not sending the actual video content to the STB and playing this content on the television.

The R&R also questions the materiality of the ▓▓▓▓ because the verified interrogatory responses stated that a ▓▓▓▓ is sent to the STB while Charter's briefing stated that the ▓▓▓▓ is transmitted to the STB. R&R at 16-17. The verified interrogatory responses depict the messages and signal flow in a flow diagram and also provide a narrative description of that flow diagram. Ex. 3 at 28-32, 35-39. The narrative description that includes the ▓▓▓▓ ▓▓▓▓ ▓▓▓▓. *Id*. at 28-32, 35-39. This is precisely the message flow described in Charter's Statement of Facts in its opening brief. D.I. 190 at 7-10.

The R&R erred in finding that the Statement of Facts ignored the intermediate components like ▓▓▓▓ R&R at 16-17. As shown in the verified interrogatory responses, these components are intermediate components that merely pass along the ▓▓▓▓ to the STB. Ex. 3 at 28-32, 35-39 (arrow with label "SEND TO STB"). Thus, there are no inconsistencies between the verified interrogatory responses and Charter's Statement of Facts. Even if there were any inconsistencies, those inconsistencies do not create a genuine dispute of material fact. Notably, Sprint does not even argue in its opposition that

8

the ▆▆▆▆▆ create a genuine dispute of material fact. Thus, any inconsistencies do not create a genuine dispute of *material* fact, because they will not affect the outcome of the case. *See Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1323 (Fed. Cir. 2009) ("A fact is material if its resolution will affect the outcome of the case."). Therefore, the R&R erred in denying Charter's motion based on the ▆▆▆▆▆.

### 2. Charter's Description Of The ▆▆▆ And Associated Messages Does Not Create A Genuine Dispute Of Material Fact

The R&R erred in finding the description of the ▆▆▆ and associated messages in Charter's Statement of Facts in its opening brief could create a genuine dispute of material fact. Charter's description of these messages in its briefing does not contradict its verified interrogatory responses, and there is no genuine dispute of material fact regarding these messages.

The R&R incorrectly found that, because Charter's opening brief explained the ▆▆▆ message being generated and transmitted by the STB without explicitly stating this message is received by an intermediate ▆▆▆ component, there is a perceived discrepancy regarding this component. *Id.* at 19-21. But Charter's opening brief—citing its undisputed verified interrogatory responses and accompanying flow diagram—focused on the signal flow from the STB and explicitly stated that the ▆▆▆ message is generated by and transmitted from the STB to start the session. D.I. 190 at 8-9, 16. The ▆▆▆ message is described in detail in Charter's verified interrogatory responses and is the message that starts the session in the signal flow diagram within the verified interrogatory responses. Ex. 3 at 28-32, 35-39 (▆▆▆▆▆). After Sprint incorrectly asserted that the ▆▆▆ is solely responsible for generating and transmitting the ▆▆▆ message in its opposition brief (D.I. 197 at 1, 5-8, 14-18), Charter responded to Sprint's

9

███████████████████████████████████████

mischaracterization of the undisputed evidence by explaining, consistent with its opening brief, that the ███████ message is initiated by the STB's ███████ message—not by the ███. D.I. 200 at 1-4, 7. Thus, the R&R erred in concluding that Charter's briefing is inconsistent with its undisputed verified interrogatory responses.

Even assuming there are inconsistencies between the description of the ███████ messages in Charter's verified interrogatory responses and its briefing, such inconsistencies do not create a genuine dispute of material fact. Charter's non-infringement argument turns on whether the Accused Services use the STB for remote control of the VOD system, and thus the material facts are limited to whether the STB in the Accused Services performs remote control. The only issue for the Court is a legal issue: whether the ███████ message and other messages generated by and transmitted from the STB to initiate the ███████ message constitute remote control under the Court's construction of the Asserted Claims of the '907 Patents. It undisputedly does, because, without this ███████ message and other messages from the STB, the ███ would not transmit or generate a ███████ message or any other upstream signals to request the VOD asset and to then play that asset on the STB. Ex. 3 at 29-31; Opp. 1, 11; D.I. at 8-9. Therefore, the R&R erred in denying Charter's motion based on the ███████ and associated messages.

IV. CONCLUSION

Charter respectfully requests that the Court overrule the R&R and grant Charter's motion for summary judgment of all Asserted Claims of the the '907 Patents.

.

| | |
|---|---|
| OF COUNSEL: | */s/ Kelly E. Farnan*<br>Kelly E. Farnan (#4395)<br>Richards, Layton & Finger P.A. |
| Charles Verhoeven<br>David Eiseman<br>Quinn Emanuel Urquhart & Sullivan<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111-4788<br>(415) 875-6600<br>charlesverhoeven@quinnemanuel.com<br>davideiseman@quinnemanuel.com | One Rodney Square<br>920 N. King Street<br>Wilmington, DE 19801<br>(302) 651-7700<br>farnan@rlf.com<br><br>*Attorneys for Defendants Charter Communications, Inc., Charter Communications Holdings, LLC, Spectrum Management Holding Company, LLC, Charter Communications Operating, LLC, and Time Warner Cable, LLC* |
| Deepa Acharya<br>Patrick Stafford<br>Quinn Emanuel Urquhart & Sullivan<br>1300 I Street NW, Suite 900<br>Washington, D.C.  20005<br>(202) 538-8000<br>deepaacharya@quinnemanuel.com<br>patrickstafford@quinnemanuel.com | |

Dated:  November 2, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2021, true and correct copies of the foregoing document were caused to be served on the following counsel of record as indicated:

**BY ELECTRONIC MAIL**
Stephen J. Kraftschik
Christina B. Vavala
Polsinelli PC
222 Delaware Avenue
Suite 1101
Wilmington, DE 19801

**BY ELECTRONIC MAIL**
Robert H. Reckers
Michael W. Gray
Jonathan M. Hernandez
Shook, Hardy & Bacon LLP
JPMorgan Chase Tower
600 Travis Street,
Suite 3400
Houston, TX 77002

**BY ELECTRONIC MAIL**
B. Trent Webb
Aaron E. Hankel
John D. Garretson
Ryan J Schletzbaum
Ryan D. Dykal
Jordan T. Bergsten
Lauren E. Douville
Mark D. Schafer
Thomas M. Patton
Maxwell C. McGraw
Samuel J. LaRoque
Lydia C. Raw
Shook, Hardy & Bacon LLP
2555 Grand Blvd.
Kansas City, MO 64108

*/s/ Kelly E. Farnan*
Kelly Farnan (#4395)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., <br><br> Plaintiff, <br><br> v. <br><br> CHARTER COMMUNICATIONS, INC., CHARTER COMMUNICATIONS HOLDINGS, LLC, SPECTRUM MANAGEMENT HOLDING COMPANY, LLC, CHARTER COMMUNICATIONS OPERATING, LLC, TIME WARNER CABLE, LLC, <br><br> Defendants. | C.A. No. 18-2033-RGA <br><br> **JURY TRIAL DEMANDED** |

**CERTIFICATION TO DEFENDANTS' OBJECTIONS TO
CHIEF MAGISTRATE JUDGE THYNGE'S OCTOBER 19, 2021
REPORT AND RECOMMENDATION (D.I. 215)**

Pursuant to the Court's October 9, 2013 Standing Order for Objections Filed Under Fed. R. Civ. P. 72, Defendants hereby certify that the objections filed on November 2, 2021 to the Chief Magistrate Judge's October 19, 2021 Report and Recommendation do not raise any new legal or factual arguments that were not previously raised before the Chief Magistrate Judge through briefing.

| | |
|---|---|
| OF COUNSEL:<br><br>Charles Verhoeven<br>David Eiseman<br>Quinn Emanuel Urquhart & Sullivan<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111-4788<br>(415) 875-6600<br>charlesverhoeven@quinnemanuel.com<br>davideiseman@quinnemanuel.com<br><br>Deepa Acharya<br>Patrick Stafford<br>Quinn Emanuel Urquhart & Sullivan<br>1300 I Street NW, Suite 900<br>Washington, D.C. 20005<br>(202) 538-8000<br>deepaacharya@quinnemanuel.com<br>patrickstafford@quinnemanuel.com<br><br>Dated: November 2, 2021 | /s/ Kelly E. Farnan<br>Kelly E. Farnan (#4395)<br>Richards, Layton & Finger P.A.<br>One Rodney Square<br>920 N. King Street<br>Wilmington, DE 19801<br>(302) 651-7700<br>farnan@rlf.com<br><br>*Attorneys for Defendants Charter Communications, Inc., Charter Communications Holdings, LLC, Spectrum Management Holding Company, LLC, Charter Communications Operating, LLC, and Time Warner Cable, LLC* |